LAURA F. M. DOE, ALVAH DOE, AND CHARLES W. DOE, JR., EXECU-
TORS, ESTATE OF FRANK P. DOE, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 20681.   Promulgated November 30, 1929.

*H. F. Chadbourne, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Respondent rejected petitioner's claim for the abate-
ment of an additional estate tax of $3,091.36 and the estate proceeds
here on the ground that community property and properties held
in joint tenancy have been erroneously included in the decedent's
gross estate.   Claim is made for overpayment.

The proceeding is submitted upon the admitted facts alleged in the
petition.   Of these, the substantive facts are as follows:

1. Decedent, Frank P. Doe, died April 6, 1919, survived by his
wife, Mayella Doe, who was the sole distributee of his estate.

2. Decedent and Mayella Doe, his wife, had, since February 6,
1911, held certain real property in California, having a value at the
time of decedent's death of $62,000, in joint tenancy with the right
of survivorship in the survivor.   This value the respondent included
in the value of decedent's gross estate.

3. Decedent and Mayella Doe, his wife, had, since May 17, 1911,
held 110,121 shares, and since May 22, 1913, 479 shares of capital
stock of Doe Estates Co., a California corporation, in joint owner-
ship with the right of survivorship, said 110,600 shares being ap-
praised at $88,480.   This value respondent included in the value
of decedent's gross estate.

4. Decedent and Mayella Doe, his wife, had, since September 7,
1910, held 273 shares of capital stock of Coquille Mill & Tug Co., a
California corporation, in joint ownership with right of survivor-
ship, said 273 shares being appraised at $39,721.50.   This value re-
spondent included in the value of decedent's gross estate.

As these are the facts of record, the issue as to community property
is not supported by facts and is without foundation for consideration.
We therefore leave it undecided.   In so far as the deficiency in-
volves such property, it is upheld for lack of evidence to overthrow it.

The remaining issue is whether, under the Revenue Act of 1918, the stipulated value of real and personal property in California owned jointly since before the enactment of the taxing statute is properly within decedent's gross estate as determined by respondent. This has been squarely decided as to a California estate by the Circuit Court of Appeals for the Ninth Circuit in *Carter* v. *English*, 15 Fed. (2d) 6. That authority constrains us from further consideration of the argument and requires that the joint property be excluded from the decedent's gross estate.

*Judgment will be entered under Rule 50.*

*H. F. Chadbourne, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.